**C. O. CHINN et al., Plaintiffs,**

v.

**Paul B. JOHNSON et al., Defendants.**

**Civ. A. No. 3977.**

United States District Court
S. D. Mississippi,
Jackson Division.

Jan. 10, 1969.

R. Jess Brown, Armand Derfner, Jackson, Miss., for plaintiffs.

Will T. Wells, Asst. Atty. Gen., Jackson, Miss., for defendants.

Before COLEMAN, Circuit Judge, and COX and RUSSELL, District Judges.

COLEMAN, Circuit Judge.

On July 16, 1966, a civil rights march took place in Canton, Mississippi. The asserted purpose of the march was to protest the use of tear gas by Canton police during an earlier march, the refusal of Canton businessmen to hire Negroes, and to encourage Negroes more actively to participate in local government.

Approximately 50 persons participated in the march. It proceeded along a sidewalk in an orderly fashion to the downtown area. The marchers, in pairs, carried no signs or banners and did no singing or clapping. They were told by the Canton Chief of Police, Dan Thompson, that they could proceed if there was no singing or clapping. As they marched, they were accompanied by about 50 law enforcement officials. They marched around the town square twice, without incident, but on the third trip were ordered to disperse. When C.

O. Chinn, one of the marchers, sought Police Chief Thompson to inquire as to the reasons to disperse, the Chief ordered the marchers arrested. A number of marchers in the rear ranks did not hear the order to disperse; but when they did, and started to leave, they were arrested. They were led to jail and charged with disorderly conduct in violation of Section 2087.5 of the Mississippi Code. However, both sides agreed to abate the prosecutions pending resolution of the constitutionality of the statute by the courts.

This is a class action. The plaintiffs, who were leaders of the civil rights movement in Canton, some of whom were arrested in the march, allege that Section 2087.5 is unconstitutional and that they are threatened with criminal prosecutions under Section 2087.5. They seek an injunction against the state court prosecution and a declaratory judgment, 28 U.S.C. § 2201 et seq. that the statute is unconstitutional. A three-judge court was convened to decide these issues. 28 U.S.C. Section 2281.

The statute in question, Section 2087.-5, Mississippi Code Annotated (Supp. 1964), provides:

"Whoever with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby: (1) crowds or congregates with others in or upon * * * a public street or public highway, or upon a public sidewalk, or any other public place * * and who fails or refuses to disperse and move on, or disperse or move on, when ordered so to do by any law enforcement officer * * * shall be guilty of disorderly conduct, which is made a misdemeanor * * *."

■ We do not think that this Court has the duty or the power to enjoin this prosecution. The contention here raised is quite like the one raised in Cameron v. Johnson, S.D.Miss.1966, 262 F.Supp. 873 (three-judge court), affirmed 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1967). There the three-judge court commented upon the application to such

a situation of the federal anti-injunction statute, 28 U.S.C. Section 2283:

"Leaving aside any dissertation on 'jurisdiction' or 'comity', we think the plain language of the [anti-injunction] statute means what it says and constitutes a positive direction by Congress which this Court' should obey. The 1948 Revisors did not change the mandatory language as * * * expounded by the Supreme Court."

Id. at 877–878. The Court there also pointed out that the Fourth Circuit had emphatically held, in Baines v. City of Danville, 337 F.2d 579 (1964), that 42 U.S.C. Section 1983 does not, contrary to the position taken by the plaintiffs here, create an exception to Section 2283. We are of a like opinion and hold that Section 2283 prohibits this Court from enjoining the State criminal prosecutions instituted against these plaintiffs.

■ We next reach the question of the constitutionality of Section 2087.5. The prosecuting authorities [defendants] forcefully argue that this Court is bound to abstain from reaching that question. However, the Supreme Court's decision in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1964), makes clear that abstention is inappropriate in cases such as the one now before us, where "statutes are justifiably attacked on their face as abridging free expression, or as applied for the purpose of discouraging protected activities". 380 U.S. at 489–490, 85 S.Ct. at 1122.

If this were a situation involving a state statute which has not been construed by the highest court of the state, we might properly abstain and await a construction which possibly would avoid or modify the constitutional question. Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1958). Furthermore, that no injunction should be issued does not permit us to ignore the declaratory judgment aspect of this litigation, for the Supreme Court has recently held that a court

" * * * has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction."

Zwickler v. Koota, 389 U.S. 241, 254, 88 S.Ct. 391, 399, 19 L.Ed.2d 444 (1967).

■ Turning to the merits of the declaratory judgment request, we hold that Section 2087.5, as authoritatively construed by the Supreme Court of Mississippi, is not unconstitutional. While doing so, we acknowledge that a similar Louisiana statute was struck down by the Supreme Court in Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965), as unconstitutionally vague because it was "likely to allow conviction for innocent speech * * *." Id. at 552, 85 S.Ct. at 463. But see United States v. Jones, 2 Cir., 1966, 365 F.2d 675. We believe, however, that the construction of 2087.5 by the Mississippi Supreme Court does not suffer a similar infirmity.

That Court upheld the constitutionality of Section 2087.5 in Thomas v. State, 252 Miss. 527, 160 So.2d 657 (Miss.1964), reversed on other grounds, 380 U.S. 524, 85 S.Ct. 1327, 14 L.Ed.2d 265 (1964). There the Court defined a "breach of the peace" to include

"* * * any infraction upon the public order and tranquility by any act or conduct inciting to violence or tending to provoke or excite others to like conduct."

Id. at 660. This is consistent with the expression used by the Supreme Court in Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1939):

"The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility. It includes not only violent acts but acts and words likely to produce violence in others * * *."

Id. at 308, 60 S.Ct. at 905.

That the construction placed on the term "breach of the peace" is not likely to allow conviction in the case sub judice for innocent speech, [Cox v. Louisiana, supra,] is demonstrated by a more recent opinion of the Mississippi Supreme Court. In Bolton v. City of Greenville, 253 Miss. 656, 178 So.2d 667 (1965), several Negro children were throwing a baseball in an integrated park in Greenville, Mississippi. A crowd of white persons gathered and the Negroes were arrested, charged and convicted of committing a breach of the peace for failure to move on. The action was instituted under Section 2089.5, Mississippi Code Annotated (Supp.1964), a companion statute of Section 2087.5. The Supreme Court reversed, holding that the evidence could not sustain the convictions under Section 2089.5. It continued:

"Appellee urges that the case at bar should be sustained by giving to Mississippi Code Annotated section 2087.5 (Supp.1964) a very narrow and specific construction. That is to say, this Court should hold that a statute must be limited to situations where, as applied to persons exercising a guaranteed constitutional right in a peaceful manner, they refuse to obey a police order to move on if, but only if, there is a clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace or order. This contention is precisely what was urged in the Thomas case, supra, and was completely ignored by the United States Supreme Court, and rejected by that tribunal in the Thomas, Garner [Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed. 207], and Cox cases, supra."

Id. at 672.

It is obvious that a conviction for disorderly conduct under Section 2087.5, as construed by the highest court in Mississippi, can stand only if there has been action which produces violence or which tends to provoke violence in others. Limited to those circumstances, the statute is not such that "men of common intelligence must necessarily guess at its

meaning and differ to its application * * *." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1925). Nor is there any reason to believe that Section 2087.5 as so construed would "allow persons to be punished merely for peacefully expressing unpopular views", Cox, supra, 379 U.S. at 551, 85 S.Ct. at 462. Therefore, the statute is neither unconstitutional per se nor aas construed.

The facts in the case before us are undisputed. The plaintiffs here were among 50 persons who engaged in a peaceful march. So far as this record shows there is no evidence that they engaged in any violent activity or in any activity which might reasonably have been expected to provoke violence in others. While we do not presume to judge the guilt or innocence of these plaintiffs in the state court prosecution, the fact that the statute involved was construed in the manner as pointed out above adds merit to our belief that an injunction here is not indicated for we can foresee no real hazard of a conviction of these plaintiffs under the Mississippi law as now defined.

We are mindful of the Supreme Court's most recent pronouncement on this question:

"Federal interference with a State's good-faith administration of its criminal laws 'is peculiarly inconsistent with our federal framework' and a showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction."

Cameron v. Johnson, supra, 390 U.S. at 618, 88 S.Ct. at 1339.

In deciding this case we have also considered Brooks v. Briley, [M.D.Tenn., 1967] 274 F.Supp. 538. Riots were involved in that case, but certain state statutes and laws were attacked as unconstitutional. The three-judge District Court held that 28 U.S.C. Section 2283 prohibited an injunction against the Tennessee state court proceedings. The Supreme Court, citing Cameron v. Johnson, supra, granted the motion to affirm, 390 U.S. 611, 88 S.Ct. 1335, 20 L. Ed.2d 182 (1968).

In the ultimate, the decisive consideration is our conviction that had plaintiffs not filed this action they would have long since been vindicated in the state courts as in Bolton v. City of Greenville, supra. The law and the facts, as herein discussed, indicate that the plaintiffs are in no danger of irreparable injury.

We decline to hold the state statute unconstitutional and we find that the plaintiffs are not entitled to injunctive relief.

Judgment will be entered accordingly.